Filed 5/25/23  707 East Ocean Blvd. LP v. Rogers CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

|  |  |
|---|---|
| 707 EAST OCEAN BOULEVARD LP,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>JOSHUA ROGERS,<br><br>　　　Defendant and Appellant. | B320403<br><br>Los Angeles County<br>Super. Ct. No. 21LBCV00418 |

APPEAL from judgment of the Superior Court of Los Angeles County.  Michael P. Vicencia, Judge.  Affirmed.

Benjamin Porter Law Group and Elijah Porter for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Joshua Rogers seeks reversal of the unlawful detainer judgment entered against him on a single ground:  the special verdict form did not include all facts necessary to establish his liability.  Defendant fails to satisfy his burden of showing in his appellate brief, with record citations, that he timely raised this issue in the trial court below.  We therefore affirm.

## BACKGROUND

We draw the following background information from the limited record defendant provided on appeal.  The record consists of a clerk's transcript containing only a portion of the trial record.  From the clerk's transcript, we discern that the oral proceedings before the trial court were not transcribed.  There is no settled statement of the trial proceedings.  We have very little information in the record before us about what happened at trial.

Defendant rented a housing unit from plaintiff 707 East Ocean Boulevard LP.  Plaintiff discovered defendant was using the unit as a short-term rental.  Plaintiff gave defendant a three-day notice to quit pursuant to Code of Civil Procedure section 1161, subdivision 4.  Among other things, the notice stated defendant's use of the unit was unlawful because plaintiff had not registered his short-term rental as required by section 5.77.030 of the Long Beach Municipal Code.  Defendant refused to quit and plaintiff sued.

The matter proceeded to a jury trial.  A special verdict form was prepared.  It is unclear from the record who prepared it.  The minute order states that "[o]utside the presence of the jury, verdict form is discussed."  Since there is no reporter's transcript, we do not know what was discussed.

2

The minute order also states "a verdict form along with jury instructions and admitted exhibits is sent into the jury deliberations room." Defendant says in his appellate brief that the trial court modified the special verdict form shortly after jury deliberations began to specify a range of dates during which plaintiff alleged defendant used his unit as a short-term rental. But defendant gave us no record citation showing that happened. The only citations defendant provides in support of his contention are the page of the minute order that says "verdict form is discussed" and an assertion in a motion for judgment notwithstanding the verdict (JNOV) he later filed in the trial court in which he contended the court modified the verdict form.

On February 25, 2022, the jury returned its verdict with the following three findings: (1) defendant used his unit to conduct short-term rentals without registering with the City of Long Beach between October 21, 2020 and January 24, 2021; (2) he was duly served with a notice to vacate; and (3) plaintiff suffered $35,000 damages as a result of defendant's conduct.

The trial court entered judgment for plaintiff on March 17, 2022.

On April 1, 2022, defendant filed a motion for JNOV. Defendant argued the jury's special verdict findings did not support the judgment because the Long Beach Municipal Code did not require short-term rental registration for the period the jury found he had been using his unit as a short-term rental. The trial court denied defendant's motion. Defendant timely appealed.

## DISCUSSION

Plaintiff filed no brief in this appeal. We therefore decide the appeal "on the record, the opening brief, and any oral

argument by the appellant." (Cal. Rules of Court, rule 8.220(a)(2).)

A respondent's failure to file a brief does not relieve the appellant of its burdens on appeal. (*In re Marriage of F.M. & M.M.* (2021) 65 Cal.App.5th 106, 110, fn. 1.) The appellant bears the burden "to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)

Not only must the record be adequate; the appellant must show entitlement to relief by citation to the record. (See Cal. Rules of Court, rule 8.204(a)(1)(C).) An appellant is deemed to have forfeited appellate review of a claim of error by failing to show with record citations that an objection was timely raised in the trial court. "When an appellant's brief makes no reference to the pages of the record where a point can be found, an appellate court need not search through the record in an effort to discover the point purportedly made. [Citations.] We can simply deem the contention to lack foundation and, thus, to be forfeited." (*In re S.C.* (2006) 138 Cal.App.4th 396, 406–407; see also *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 799–800 (*Dietz*) [same].)

Here, defendant does not argue that he made a timely objection to the special verdict form before the trial court discharged the jury. As discussed below, it was necessary for defendant to have done so. His failure to demonstrate he did forfeits appellate review of the issue.

Defendant cites *Saxena v. Goffney* (2008) 159 Cal.App.4th 316 (*Saxena*) for the proposition that "[t]he proper way to remedy . . . a defective [special] verdict is to grant the defendant's motion

4

for JNOV." In *Saxena*, the court held that the defendant-appellant had preserved his objection to the form of special verdict by raising the underlying legal issue in a demurrer, in his objection to a related jury instruction, and in his motion for new trial. (*Id.* at pp. 327–328.) We are not persuaded *Saxena* is good authority based on which we might find defendant preserved the issue here.

We think the better rule is stated in *Taylor v. Nabors Drilling USA, LP* (2014) 222 Cal.App.4th 1228 (*Taylor*), which held that a defendant-appellant had waived its challenge to a special verdict form by not objecting to the form before the trial court discharged the jury, even though the defendant later filed a motion for JNOV on the same ground asserted on appeal. (*Id.* at p. 1242.) The *Taylor* court explained that " ' "[f]ailure to object to a verdict before the discharge of a jury and to request clarification or further deliberation precludes a party from later questioning the validity of that verdict if the alleged defect was apparent at the time the verdict was rendered and could have been corrected." [Citation.]' [Citation.] 'The obvious purpose for requiring an objection to a defective verdict before a jury is discharged is to provide it an opportunity to cure the defect by further deliberation. [Citation.]' [Citation.] 'The rule is designed to advance efficiency and deter gamesmanship.' [Citation.] ' " ' " ' " "If any other rule were to obtain, the party would in most cases be careful to be silent as to his objections until it would be too late to obviate them . . . ." ' " ' " ' " (*Ibid.*, italics omitted.)

The *Taylor* special verdict form contained a "typo" that instructed jurors not to make findings about essential elements of the plaintiff's harassment claim, including causation. (*Taylor, supra,* 222 Cal.App.4th at p. 1241.) The jury followed the

5

instruction and did not make at least two findings necessary to support judgment on the cause of action. The trial court nonetheless rejected the defendant's motion for JNOV because the defendant raised the issue of the defect only after the jury was discharged. (*Id*. at pp. 1242–1243.) The *Taylor* court distinguished *Saxena, supra*, 159 Cal.App.4th at page 328, on the grounds that the defendant-appellant there had raised the issue before the jury was discharged. (*Taylor*, at p. 1243.)

We agree with the *Taylor* court that any objection to the form of special verdict must be raised in the trial court before the jury is discharged. Permitting later challenges would have the effect of giving a defendant a free option for a new trial if the verdict rendered on a deficient form is unfavorable. (Cf. *In re Urayna L.* (1999) 75 Cal.App.4th 883, 886 [applying rule of waiver where failure to do so "would permit a party to trifle with the courts by standing silently by, thus permitting the proceedings to reach a conclusion in which the party could acquiesce if favorable and avoid if unfavorable"].)

Here, defendant argues that the special verdict form, like the one in *Taylor*, failed to establish an essential element of plaintiff's claim against him. But defendant does not assert in his appellate brief that he raised this issue with the trial court before the jury was discharged, much less provide relevant record citations. This failure defeats his appeal. (See *In re S.C., supra,* 138 Cal.App.4th at pp. 406–407 [failure to provide record citations demonstrating preservation of claimed error forfeits issue]; *Dietz, supra,* 177 Cal.App.4th at pp. 799–800 [same].) In his appellate brief, the only time defendant says he raised the issue was in his April 1, 2022 motion for JNOV—a motion he filed more than a month after the jury rendered its verdict and

6

15 days after the trial court entered judgment on the jury's verdict.  And, as stated above, that record citation is insufficient to demonstrate error.

All we know from the record citations defendant provides is that the trial court conferred with counsel about the special verdict form before it was sent to the jury.  Without knowing what comments or objections defendant made at that time, we will not assume he expressed an objection on the grounds he later raised in his motion for JNOV and now on appeal.

## DISPOSITION

The judgment is affirmed.  No costs are awarded on appeal.


GRIMES, Acting P. J.

WE CONCUR:


WILEY, J.


VIRAMONTES, J.